

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EX PARTE: ) | |
| ) | Civil Action No.: 4:15-cv-2736-RBH |
| BRENDA HODGE, ) | |
| ) | |
| Petitioner. ) | |
| ) | |
| IN RE: ) | **AMENDED ORDER APPROVING** |
| ) | **MINOR SETTLEMENT** |
| A.M., a minor under ) | |
| the age of eighteen (18) years, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Michael L. Taylor, Individually; ) | |
| P & S Transportation, LLC; P & S ) | |
| Transportation Brokerage, LLC; and ) | |
| Goodwin Enterprises, Inc., ) | |
| ) | |
| Respondents. ) | |

This matter comes before me by the application of the parties to approve a minor settlement in the above-captioned action. The case was presented to this Court for hearing on the verified petition of Guardian ad Litem, which asks this Court for an Order approving and authorizing Petitioner to accept a settlement offer made from a December 3, 2012 automobile accident. Respondents deny liability or responsibility to Minor.

In accordance with Local Civil Rule 17.02 DSC, this Order bears the written consent of all the parties to the action, the legal representative of A.M., and the person standing in loco parentis to A.M. On the grounds set forth below, I find that settlement is proper and the settlement documents are approved.

A. All parties are properly represented and are properly before the Court. No

1



questions exist as to joinder or nonjoinder of parties, and this Court has jurisdiction over the subject matter and the parties.

B. The Complaint in this action states a claim upon which relief can be granted; to wit, causes of action against the Defendants alleging negligence, negligent entrustment, negligent hiring, supervision, retention, and negligent maintenance arising out of a motor vehicle collision on December 3, 2012 are properly pled and if proven entitle Plaintiff to relief.

C. Counsel for A.M. has provided services to A.M., namely advice, guidance, and direction in all matters related to this action including but not limited to A.M.'s medical evaluation and treatment, questions concerning liability arising out of the December 3, 2012 collision, and ensuring receipt of settlement funds into a Special Needs Trust for A.M.'s benefit.[1] Further, I find the settlement is in the best interest of A.M. and is fair and reasonable.

D. A.M. incurred approximately $18,599.81 in past medical expenses arising out of personal injury sustained in the December 3, 2012 collision. Further evaluations of A.M. by Dr. Marshall A. White M.D., Dr. Randolph Waid, Ph.D., and Sarah Lustig, RN, CLCP, CNLCP which are attached to Plaintiff's Motion for Minor Settlement Approval articulate additional foreseeable medical expenses and contain statements by A.M.'s medical providers setting forth the nature and extent of A.M.'s injuries, extent of recovery, and prognosis.

---

[1] As the proceeds are already in Plaintiff's counsel's trust account, Plaintiff's counsel shall make payment of the settlement proceeds to a Conservator, appointed by the appropriate Probate Court, as required by S.C. Code Ann. § 62-5-433. No funds shall be disbursed to the Special Needs Trust until a Conservator is appointed by the Probate Court and approves this disbursement. Plaintiff's counsel shall hold the proceeds in his trust account until the Conservator is appointed.

2



After hearing testimony and considering the foregoing, I find the accident complained of occurred and Minor received injuries. The offer of settlement and allocation of the proceeds were fully explained to Guardian ad Litem. Upon approval by this Court, this Order is a final determination and disposition of any and all claims against Respondents and their agents, servants, properties, and insurers. After this explanation, the Guardian ad Litem acknowledged understanding the proposed settlement and wished this Court approve the settlement.

I am satisfied that the meaning and effect of the terms of the settlement are fully understood. Under the circumstances, I conclude the settlement and allocation as stated in the Petition are just and proper. Further, I find the settlement is in the best interest of Minor and is ample to compensate Minor for any damages Minor may have sustained at the hands of Respondents. A Conservator, upon appointment by the S.C. Probate Court for Darlington County, is the proper person to receive the payment on Minor's behalf. Accordingly, the settlement and the settlement documents are approved. The total settlement is $125,000.00. While the net to the minor was originally to be $64,314.86 this amount may be reduced by up to $2,000.00 due to anticipated fiduciary bond costs in the probate court.

**WE CONSENT:**

/s/ Allan P. Sloan
*Counsel for Plaintiff*

/s/ David S. Cobb
*Counsel for Defendants*

_____
A.M. Legal Representative and Guardian
*standing in local parentis*

#3

3

**THEREFORE, IT IS ORDERED:**

1. The settlement is approved. Petitioner is authorized to sign the settlement documents.

IT IS SO ORDERED!

*The Honorable R. Bryan Harwell*
United States District Judge

____Dec 11____, 2015
Florence, South Carolina